UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4309** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL** | **SECTION "L"** |

### ORDER AND REASONS

The Court has before it two motions by Defendants: one seeking exclusion of Plaintiff's proffered expert causation report, at R. Doc. 74; and one seeking summary judgment. R Doc. 75. Having considered the parties' memoranda and exhibits and the applicable law, the Court rules as follows.

I. **BACKGROUND**

This case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. It is one of the "B3" cases, which were originally part of a multidistrict litigation ("MDL") pending in another section of this Court. When that Court approved a class action settlement agreement for many cases in the MDL, the B3 plaintiffs either opted out of the settlement or were excluded from the class definition. Accordingly, this case and others were severed from the MDL and reallotted to other sections of this Court. The B3 plaintiffs all make claims for personal injury and/or wrongful death due to exposure to oil and/or other chemicals used during the oil spill response.

The Plaintiff in this matter, Eileen Daniel, alleges that exposure to crude oil and/or chemical dispersants after the BP oil spill caused her to develop a multitude of adverse medical

conditions, including rashes, skin irritation, itching, chest pain, headaches, and eye irritation. R. Doc. 1-1 at 8.

## II. INSTANT MOTIONS

Three interrelated motions are pending before the Court in this matter. To begin with, Defendants seek exclusion of the general causation opinions of Plaintiff's expert, Dr. Jerald Cook, arguing that these opinions fail to satisfy the reliability requirements in *Daubert*, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), or the Fifth Circuit's requirements for admissible causation testimony. R. Doc. 74. Plaintiff opposes. R. Doc. 77. Additionally, Defendants move for summary judgment, arguing that if this Court grants their *Daubert* motion and excludes Cook's causation opinions, Plaintiff can put forth no evidence showing causation between her alleged ailments and alleged exposure to chemicals as a result of the oil spill. Accordingly, this Court must determine whether Cook's causation opinions are excludable under *Daubert*. Should this Court rule to exclude Cook's report, this Court must determine whether Defendants have carried their burden to show that summary judgment is appropriate without it.

## III. DISCUSSION

### A. Defendants' *Daubert* Motion

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule permits experts to offer opinions if (a) the expert's specialized knowledge will help the trier of fact, (b) the testimony is based on sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied those principles and methods. The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002).

According to *Daubert*, to evaluate the reliability of the proposed testimony, courts must assess "whether the reasoning or methodology underlying the testimony is scientifically valid." 509 U.S. at 593-94. The Supreme Court has provided a five-factor test for gauging the reliability of an expert's methodology: (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 275 (5th Cir. 1998), cert. denied, 526 U.S. 1064 (1999) (citing *Daubert*, 509 U.S. at 593-95). The proponent of the expert bears the burden of establishing these criteria. *Moore*, 151 F.3d at 276.

The Fifth Circuit has outlined exactly the kind of causation evidence experts must present to meet the requirements of Rule 702. This circuit follows "a two-step process in examining the admissibility of causation evidence in toxic tort cases" like this one. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). An expert must first establish general causation and then establish specific causation. *Id.* General causation investigates "whether [the] substance is capable of causing a particular injury or condition in the general population." *Knight*, 482 F.3d at 351. This conclusion requires knowledge of "the harmful level of exposure to a chemical." *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 198-99 (5th Cir. 1996). The Fifth Circuit describes this detail as one of two "minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Id.* at 199; *Seaman v. Seacor Marine, LLC*, 326 F. App'x. 721 (5th Cir. 2009) (same). "Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence." *Knight*, 482 F.3d at 351. A plaintiff must provide proof that he or she was exposed to quantities known to cause the plaintiff's particular

disease. *Allen*, 102 F. 3d at 199. This requirement is the second of the "minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Seaman*, 326 F. App'x. at 723.

Defendants challenge Cook's causation opinions on a number of grounds, including Cook's failure to identify a harmful dose of exposure to specific chemicals capable of causing Plaintiff's alleged health conditions. As eight other sections of this Court have already held, this failure is fatal to Plaintiff's argument that Cook's is admissible evidence of general causation supporting her claims.[1] An expert must identify the harmful level of exposure for each chemical and each condition. *See McIntosh v. BP Expl. & Prod.*, No. 13-1020, 2022 WL 2342480, at *3 (E.D. La. June 29, 2022). Here, Cook "never identifies any particular chemical to which [the plaintiff] was exposed, much less the level of exposure to any such chemical as would be necessary to cause the specific symptoms of which [the plaintiff] complains." *Johns v. BP Expl. & Prod.*, No. 17-3304, 2022 WL 1811088, at *5 (E.D. La. June 2, 2022); *see also Harris v. BP Expl. & Prod.*, No. 17-4342, 2022 WL 2789037, at *9 (E.D. La. July 15, 2022) ("the Court finds that Dr. Cook's opinion is unhelpful because of his inability to link any specific chemical that [the plaintiff] was allegedly exposed to, at the level to which he was exposed, to the conditions that he alleges in his complaint"); *Dawkins*, 2022 WL 2315846, at *9 (Dr. Cook's opinions are "unhelpful without identifying the specific chemicals and exposure levels capable of causing specific conditions").

---

[1] *See, e.g.*, *Dawkins v. BP Expl. & Prod.*, No. 17-3533, 2022 WL 2315846 (E.D. La. June 27, 2022) (Vance, J.); *Barkley v. BP Expl. & Prod.*, No. 13-0995, 2022 WL 2342474 (E.D. La. June 29, 2022) (Barbier, J.); *Harrison v. BP Expl. & Prod.*, No. 17-4346, 2022 WL 2390733 (E.D. La. June 30, 2022) (Morgan, J.); *Davis v. BP Expl. & Prod.*, No. 17-4664, 2022 WL 2789027 (E.D. La. July 15, 2022) (Zainey, J.) *Turner v. BP Expl. & Prod.*, No. 17-3225, 2022 WL 2967441, at *5 (E.D. La. July 27, 2022) (Africk, J.); *Reed v. BP Expl. & Prod.*, No. 17-3603, 2022 WL 3099925 (E.D. La. Aug. 4, 2022) (Milazzo, J.); *Blackston v. BP Expl. & Prod.*, No. 17-3048, 2022 WL 5164998 (E.D. La. Sept. 14, 2022) (Guidry, J.); *Hill v. BP Expl. & Prod.*, No. 17-3252, 2022 WL 4534747 (E.D. La. Sept. 28, 2022) (Vitter, J.).

In response, Plaintiff points out that the Fifth Circuit has stated that it is not necessary for an expert to establish the "precise level of exposure[.]" *McGill v. BP*, 830 Fed. App'x. 430, 433 (2020), citing *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 671 (5th Cir. 1999) ("The law does not require Plaintiffs to show the precise level of benzene to which they were exposed."). But the deficiency in Cook's causation opinions is not that he fails to establish a "precise level of exposure" which could have caused Plaintiff's alleged symptoms. Cook's causation opinions fail to link *any* specific chemical that Plaintiff was allegedly exposed to, at *any* level to which he could have exposed, to the conditions that Plaintiff alleges that he suffered as a result of exposure after the oil spill. Accordingly, Cook's causation opinions fail to meet the requirements of Rule 702 for admissible expert causation evidence in a toxic tort case.

Defendants' *Daubert* Motion to exclude Cook's causation opinions is therefore granted.

### B. Defendants' Motion for Summary Judgment

Finally, Defendants move for summary judgment, arguing that with the exclusion of Cook's causation opinions, Plaintiff lacks any admissible expert evidence of general causation. R. Doc. 75. The Fifth Circuit and other courts handling Deepwater Horizon exposure cases have uniformly concluded that these plaintiffs must submit expert testimony to meet their burden of proving general and specific causation. For example, in *McGill v. BP Expl. & Prod.*, the Fifth Circuit affirmed the district court's summary judgment dismissal of the plaintiff's case after it rejected the plaintiff's causation expert report as "void of any showing [as to] probable exposure level" because, without it, the plaintiff "failed to offer the evidence necessary to prove legal causation[.]" 830 F. App'x. 430, 434 (5th Cir. 2020); *see also, e.g.*, *Griffin v. BP Expl. & Prod. (In re Deepwater Horizon BELO Cases)*, No. 20-14544, 2022 WL 104243, at *2 (11th Cir. Jan. 11, 2022) ("In a toxic-tort case like this one, a plaintiff must establish both general and specific

causation through admissible, reliable expert testimony."). "When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage." *Williams v. BP Expl. & Prod.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019). Accordingly, where a plaintiff lacks this necessary expert evidence, dismissal at the summary judgment stage is appropriate. With the Court having granted Defendants' *Daubert* motion, Plaintiff lacks any general causation evidence to support her claims.[2] Accordingly, Plaintiff cannot prove an essential element of her claims. Plaintiff's claims must fail, and summary judgment in favor of Defendants is appropriate.

Defendants' Motion for Summary Judgment is thus granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' *Daubert* Motion, R. Doc. 74, and Motion for Summary Judgment, R. Doc. 75, are **GRANTED**.

New Orleans, Louisiana, this 4th day of May, 2023.

UNITED STATES DISTRICT JUDGE

---

[2] In opposition to the motion for summary judgment, Plaintiff argues that expert testimony is not needed to establish general causation for transient conditions, and that thus this Court ought not dismiss her claims as to transient conditions even if it excludes Cook's causation opinions. However, this is incorrect. *See Seaman*, 326 F. App'x at 729 ("without admissible expert evidence in this toxic-tort case, [plaintiff] cannot prove causation."); *see also, e.g.*, *Johns*, 2022 WL 1811088, at *3, n. 44 (plaintiffs who characterize their injuries as "transient or temporary" must still produce "expert testimony on general causation combined with specific evidence of the nature of a plaintiff's exposure"); *Bland*, 2022 WL 17155686, at *13.